NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN MARCEAU; CANDICE LAMOTT; JULIE RATTLER; JOSEPH RATTLER, JR.; JOHN G. EDWARDS; MARY J. GRANT; TERRY GRAY; and DEANA MOUNTAIN CHIEF, on behalf of themselves and others similarly situated, | No. 11-35444 <br><br> DC No. Civ. 4:02-0073 SEH <br><br> MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| BLACKFEET HOUSING AUTHORITY; its board members, SANDRA CALFBOSSRIBS, KELLY EDWARDS, and URSULA SPOTTED BEAR; and MEL MARTINEZ, Secretary, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, UNITED STATES OF AMERICA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted April 10, 2012

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Seattle, Washington

Before:      D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

In this putative class action, plaintiffs – American Indian individuals whose homes were built in the late 1970s with the financial assistance of the United States Department of Housing and Urban Development ("HUD") – appeal the district court's grant of summary judgment in favor of HUD. Because the district court certified its judgment under Fed. R. Civ. P. 54(b), we have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.**      The district court correctly rejected plaintiffs' Administrative Procedure Act ("APA") claim that HUD, in violation of its statutory and regulatory authority, required the use of wooden foundations in the construction of plaintiffs' houses. Civil actions against federal agencies must be "filed within six years after the right of action first accrues," 28 U.S.C. § 2401(a); a substantive challenge to an agency decision as beyond its authority accrues when the disputed decision is first "appli[ed] . . . to the challenger," *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715-16 (9th Cir. 1991). Plaintiffs' claim against HUD accrued in the late 1970s, when the agency purportedly decided to require wooden foundations. At that time, plaintiffs knew about the decision and knew that it affected them. *Cf. id.* at 715 (agency action not immune from review simply because it occurred "long

2

before anyone discovered the true state of affairs"); *N. Cnty. Cmty. Alliance, Inc. v. Salazar*, 573 F.3d 738, 743 (9th Cir. 2009) (allowing challenge to 14-year-old agency action to proceed where plaintiffs could not have known it would affect them until shortly before filing suit).  That plaintiffs may not have immediately grasped the full impact that HUD's decision might eventually have on them does not mean they knew too little in 1980 to bring an APA challenge.

2.　　The district court also correctly rejected plaintiffs' claim that HUD wrongly denied, or failed to respond to, various requests made by individual homeowners and by their Indian housing authority for HUD's assistance in repairing and maintaining the houses.  Agency inaction can support a claim under the APA, *see* 5 U.S.C. § 706(1), but only where the action is "legally *required*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64-65 (2004) (emphasis in original).  Plaintiffs identified several instances in which HUD officials were alerted to the problems plaintiffs face as a result of the wooden foundations used in the construction of their homes, but no instances in which HUD failed to comply with a specific obligation imposed by law.

**AFFIRMED.**